IN THE UNITES STATES DISTRICT COURT FOR

THE DISTRICT OF VIRGINIA

NORFOLK DIVISION

HAZEL BARNES, Executrix of the Estate of
EDWARD BARNES, JR. (Decedent)

                 Plaintiff,                     CIVIL ACTION FILE NO. _____

v.

UNITED STATES OF AMERICA,
And
ALEXANDER SU, M.D.,
And
VIKRANT SINGH BRAR, M.D.,
And
NARESH GUPTA, M.D.,
And
GOHAR ARSLAN, M.D.

                 Defendants.

## COMPLAINT

       Plaintiff Hazel Barnes ("Mrs. Barnes"), Individually and as the Personal Representative

of the Estate of Edward Barnes, Jr, by and through the undersigned counsel, hereby files this

complaint against the United States of America and in support thereof states as follows:

     1.      This action arises under the Federal Tort Claims Act, (28 U.S.C. § 2671, *et seq.)* for

money damages as compensation for negligence, professional malpractice, and wrongful death

in connection with medical care provided to Plaintiff's Decedent, Edward Barnes Jr., by the

United States of America, by and through its agencies and agents, Hampton Veteran Affairs

Medical Center (hereinafter "HVAMC"), including, but not limited to, Dr. Alexander Su, Dr.

Vikrant Singh Brar, Dr. Naresh K. Gupta, and Dr. Gohar Arslan.

     2.      At all relevant times hereto, the Health Care Providers involved in Decedent's care,

including, but not limited to, Dr. Alexander Su, Dr. Vikrant Singh Brar, Dr. Naresh K. Gupta,

and Dr. Gohar Arslan, acted within the scope of their agency and/or employment with HVAMC and the United States of America.

3.      Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act. *See* Standard Form 95 attached as Exhibit 1.

4.      This suit has been timely filed in that Plaintiff timely served notice of her claim on Defendant, United States of America, less than two years after the incident forming the basis of this suit.

5.      On August 14, 2020 this matter was reviewed by an expert who later certified his opinion on December 10, 2021, *See* Exhibits 2A and 2B.

6.      Plaintiff is now filing this Complaint within six months of receiving the Department of Veterans Affairs' notice of denial of the administrative tort claim on or about June 24, 2021, *See* Exhibit 3.

## JURISDICTION, AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1346.

8.      Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

9.      Decedent Edward Barnes Jr., was a resident of Suffolk, Virginia prior to his death.

10.     Plaintiff Hazel Barnes, is a resident of Suffolk, Virginia, and is the administrator of the decedent's estate, *See* Exhibit 4.

11.     The named Health Care provider, United States of America, through its agency the Department of Veterans Affairs (the "VA"), owned and operated Hampton Veterans Administration Medical Center in Hampton, Virginia ("the Hampton VAMC").

12.     The named Health Care provider, United States of America, through its agencies and agents, including but limited to HVAMC, Dr. Alexander Su, Dr. Vikrant Singh Brar, Dr. Naresh K. Gupta, and Dr. Gohar Arslan, was doing business in Hampton, Virginia at 100 Emancipation Drive, Hampton VA 23669.

13.     At all relevant times HVAMC was organized and operated to render health care services to patients like the Decedent.

14.     Alexander Su, M.D. was a healthcare provider licensed to practice medicine in the Commonwealth of Virginia. At all relevant times, Dr. Su was employed by HVAMC and/or the United States of America, and was otherwise deemed a public health service employee under 42 U.S.C. 233. At all relevant times, Dr. Su acted within the scope of his employment and/or agency with HVAMC and the United States of America.

15.     Vikrant Singh Brar, M.D. was a healthcare provider licensed to practice medicine in the Commonwealth of Virginia. At all relevant times, Dr. Brar was employed by HVAMC and/or the United States of America, and was otherwise deemed a public health service employee under 42 U.S.C. 233. At all relevant times, Dr. Brar acted within the scope of his employment and/or agency with HVAMC and the United States of America.

16.     Naresh K. Gupta, M.D. was a healthcare provider licensed to practice medicine in the Commonwealth of Virginia. At all relevant times, Dr. Gupta was employed by HVAMC and/or the United States of America and was otherwise deemed a public health service employee under 42 U.S.C. 233. At all relevant times, Dr. Gupta acted within the scope of his employment and/or agency with HVAMC and the United States of America.

17.     Gohar Arslan M.D. was a healthcare provider licensed to practice medicine in the Commonwealth of Virginia. At all relevant times, Dr. Arslan was employed by HVAMC and/or the United States of America, and was otherwise deemed a public health service employee under

42 U.S.C. 233. At all relevant times, Dr. Arslan acted within the scope of his employment and/or agency with HVAMC and the United States of America.

18.     The United States of America is vicariously liable for the actions and/or inactions of its agencies as well as its agents and/or employees identified in this Complaint.

19.     The United States of America, including its directors, officers, operators, administrators, employees, agents and staff, including HVAMC, Su, **Brar, Gupta and Arslan** are hereinafter collectively referred to as "Defendant" or "United States of America."

## STATEMENT OF FACTS

20.     Edward Barnes Jr., (Decedent) is survived by his wife Hazel Barnes whom he was married to for forty-seven years, and his two children Edward Joey Barnes and Pamela Barnes.

21.     Plaintiff's Decedent was an honorably discharged veteran of the United States Army who served in the Iraqi War.

22.     While serving in the Army, Plaintiff's Decedent had multiple service injuries, which also included a shoulder injury.  Over the subsequent years, he sought treatment for his anemia, fibromyalgia, carpal tunnel syndrome, post-traumatic nerve damage and neuropathy injury and other service-related injuries at the Veterans Administration facilities.

23.     On August 13, 2014, Plaintiff's Decedent presented to Hampton VAMC and was rendered medical care by Dr. Alexander Su.  Plaintiff's Decedent complained of headaches, neck, back, shoulders, knees and feet pain.  Dr. Su assessed that Plaintiff's Decedent has anemia of mild degree and noted, "The patient's anemia of unknown cause at the present.  We need to figure out what happened."   Dr. Su discontinued Plaintiff's Decedent iron supplement due to an elevated serum ferritin.  He also ordered lab test and required Plaintiff's Decedent to return for follow up care in two months.

24.     On October 15, 2014, Plaintiff's Decedent presented to Hampton VAMC and was rendered medical care by Dr. Alexander Su.  Plaintiff's Decedent complained of aches and pains to the feet and legs and was treated for anemia of mild degree and lab test were ordered and previous lab results were reviewed.  Dr. Su assessed that Plaintiff's Decedent has "some hemolytic anemia and probably due to hemoglobinopathy."  Lab tests were ordered, and Plaintiff's Decedent was scheduled to return in two months for follow up medical care.

25.     On December 17, 2014, Plaintiff's Decedent presented to Hampton VAMC and was rendered medical care by Dr. Alexander Su.  Plaintiff's Decedent complained of aches and pains to the feet, back and shoulders, weakness in his knees and dizziness.  Dr. Su reviewed Plaintiff's Decedent lab results and noted "the patient could have alpha thalassemia with some hemolysis." Dr. Su stated that Plaintiff's Decedent should have an alpha thalassemia test, haptoglobin and Coombs test, chem-1 and liver function test done and required Plaintiff's Decedent to return in two months for further follow up.

26.     On April 23, 2015, Plaintiff's Decedent presented to Hampton VAMC and was rendered medical care by Dr. Alexander Su.  Plaintiff's Decedent complained of feeling tired, migraine headaches, aches, pains and soreness in his body.  Dr. Su noted that "The patient's anemia does not appear to be anything specific at this time."  Dr. Su stated the patient should have a direct Coombs test done including a liver function test and other additional lab work.  Plaintiff's Decedent was required to follow up in two months.

27.     On July 22, 2015, Mr. Barnes presented to Hampton VAMC and was rendered medical care by Dr. Vikrant Singh Brar.  Plaintiff's Decedent complained of pain in his knees, back and abdomen.  Dr. Brar noted, "Anemia: no clear etiology at this time" he also noted that, "It is also unclear why his haptoglobin is so depressed."  Dr. Brar reviewed lab results and required

Plaintiff's Decedent to return to the clinic in six months. Despite depressed haptoglobin no further test was ordered to explore other causes. Dr. Brar failed to properly evaluate, examine, diagnose and treat Plaintiff's Decedent.

28.     On January 25, 2016, Mr. Barnes presented to Hampton VAMC and was rendered medical care by Dr. Vikrant Singh Brar. Plaintiff's Decedent received follow up medical care for anemia where he complained of ongoing arthralgias and myalgias. Dr. Brar noted, "Anemia: no clear etiology at this time" he also noted that, "It is also unclear why his haptoglobin is so depressed." Instead of conducting a bone marrow test, Dr. Brar required Plaintiff's Decedent to return to the clinic in six months.

29.     On July 25, 2016, Plaintiff's Decedent presented to Hampton VAMC where he was rendered medical care by Dr. Naresh K. Gupta. Plaintiff's Decedent complained that his joint pain and back pain was limiting his activities and that his pain scale was an 8. The quality of his pain was sharp, throbbing, radiating and aching. Dr. Gupta assessed gradually progressive, mild anemia. He recommended Plaintiff's Decedent discontinue HCTZ and have lab test done in 3 months and required him to return to the clinic for follow up care in 6 months. Dr. Gupta did not order testing for cancer, he failed to examine and properly and timely diagnose Barnes despite his worsening condition, Defendant continued the same treatment or lack of treatment and continued to schedule follow-ups in six month increments. Defendant failed to order or complete any bone testing or lab testing, that would normally be completed for a patient with Decedent's symptoms.

30.     On January 23, 2017, Plaintiff's Decedent presented to Hampton VAMC where he was rendered medical care by Dr. Naresh K. Gupta. Plaintiff's Decedent continued to complain of body pain, aches and soreness along with a feeling of depression and worsening of his memory.

Dr. Gupta assessed gradually progressive, mild anemia and recommended that Plaintiff's Decedent repeat his labs in month after discontinuing HCTZ, "if still anemic with low haptoglobin, restart HCTZ and discontinue Tramadol and repeat labs as before." He was required to return to the clinic in three months for follow up care. Again, Defendant failed to order or complete any bone testing or lab testing, that would normally be completed for a patient with Decedent's symptoms.

31.    On April 20, 2017, Plaintiff's Decedent presented to Hampton VAMC where he was rendered medical care by Dr. Gohar Arslan. Plaintiff's Decedent complained of generalized malaise and weakness and difficulty lifting. Dr. Arslan tested Plaintiff's Decedent hemoglobin and found it to be within normal limits. Dr. Arslan diagnosed Plaintiff's Decedent with refractory anemia and prescribed him with Aranesp and required him to return for follow up care in three months. This diagnosis was inconsistent with Decedent's symptoms. Further, the diagnosis was made without Defendant completing test to support the diagnosis.

32.    On July 24, 2017, Plaintiff's Decedent presented to Hampton VAMC where he was rendered medical care by Dr. Gohar Arslan. Plaintiff's Decedent complained of generalized malaise and weakness and difficulty lifting. Dr. Arslan assessed that, "patient has refractory anemia and H/H is better with Aranesp shots." Dr. Arslan diagnosed Plaintiff's Decedent with refractory Anemia and Hypogammablobulinemia. Dr. Arslan prescribed Aranesp every 4 weeks and required Plaintiff's Decedent to repeat lab work and return for follow up care in four months. Again, Defendant failed to order or complete any bone testing or lab testing, that would normally be completed for a patient with Decedent's symptoms.

33.    On November 27, 2017, Plaintiff's Decedent presented to Hampton VAMC where he was rendered medical care by Dr. Gohar Arslan. Plaintiff's Decedent complained of generalized

malaise and weakness and difficulty lifting.  Dr. Arslan assessed that, "patient has refractory anemia and H/H is better with Aranesp shots." Dr. Arslan diagnosed Plaintiff's Decedent with refractory Anemia and Hypogammaglobulinemia.   Dr. Arslan prescribed Aranesp every 4 weeks and required Plaintiff's Decedent to repeat lab work and return for follow up care in six months. Again, Defendant failed to order or complete any bone testing or lab testing, that would normally be completed for a patient with Decedent's symptoms.

34.     On June 4, 2018, Plaintiff's Decedent presented to Hampton VAMC was rendered medical care by Dr. Gohar Arslan.  Plaintiff's Decedent complained of generalized malaise and weakness and difficulty lifting.  Dr. Arslan assessed that, "patient has refractory anemia and H/H is better with Aranesp shots." Dr. Arslan diagnosed Plaintiff's Decedent with refractory Anemia and Hypogammablobulinemia.  Dr. Arslan prescribed Aranesp every 4 weeks and required Plaintiff's Decedent to repeat lab work and return for follow up care in six months.   Again, Defendant failed to order or complete any bone testing or lab testing, that would normally be completed for a patient with Decedent's symptoms.

35.     On December 21, 2018, Plaintiff's Decedent presented to Hampton VAMC was rendered medical care by Dr. Gohar Arslan.  Plaintiff's Decedent complained of generalized malaise and weakness and difficulty lifting.  Dr. Arslan assessed that, "patient has refractory anemia and Hypogammablobulinemia.  However, refractory anemia is a myelodysplatic bone marrow disorder that cannot be diagnosed without a bone marrow biopsy.  According to records, this was not done until shortly before Mr. Barnes death.  Dr. Arslan "increased Aranesp to 300 mcg every 4 weeks for hemoglobin less than 11 gm", and required Plaintiff's Decedent to repeat lab work and return for follow up care in six months.   Again, Defendant failed to order or complete any

bone testing or lab testing, that would normally be completed for a patient with Decedent's symptoms.

36.    On February 13, 2019, Plaintiff's Decedent was admitted to Chesapeake Regional Medical Center for acute congestive heart failure.  Diagnostic testing revealed that Plaintiff's Decedent had "Massive distention of the stomach.  Maximal dimension 25 x 14 cm. Mild pneumatosis anterior gastric wall.  Questionable polyp or mass within the distal duodenal sweep as it rosses the spine measuring 5 x 2 cm.  Dilated fluid-filled duodenum.  Third portion the duodenum and small bowel appears decompressed.  Diffuse lucencies throughout the bones worrisome for multiple myeloma/metastatic disease."

37.    On March 10, 2019, Plaintiff's Decedent died of cardiac amyloidosis with diastolic heart failure, anemia with multiple myeloma and severe protein calorie malnutrition at Chesapeake General Hospital, *See* Exhibit 5.

38.    Had the Hampton VAMC properly seen, evaluated, diagnosed and treated Plaintiff's Decedent when he initially sought appointment for his signs and symptoms, Plaintiff's Decedent's disease would have been treatable, and he would have had longer life expectancy. Further, Plaintiff's Decedent would not have had to undergo being on a ventilator/being extubated with its attendant risks, complications, and resulting death.

**COUNT 1**
**Medical Malpractice -Wrongful Death**

39.    Plaintiff Hazel Barnes, as the representative of Decedent's Estate incorporates by reference paragraphs 1 through 38, above.

40.    In its care and treatment of the Decedent, the Defendants, acting individually and/or by and/or through its actual and/or apparent agents, servants, and/or employees, including but not limited to HVAMC, Dr. Su, Dr. Brar, Dr. Gupta and Dr. Arslan, owed Decedent the duty to

exercise that degree of care and skill which similarly qualified medical professionals are required to provide under the same or similar circumstances. Otherwise, Defendanst had a duty to comply with the applicable/national standards of its care treatment and discharge of the Decedent.

41.    The applicable standards of care required the Defendants, acting by and through its agents, servants, and/or employees, to promptly assess and appreciate the nature of Decedent's medical condition, including ordering the proper testing, biopsy, MRIs, and x-rays that would have revealed the disease.

42.    Based on the persistence of Plaintiff's Decedent's pain and symptoms, medication and other conservative treatments documented in Plaintiff's Decedent' medical records, Dr. Su, Dr. Brar, Dr. Gupta and Dr. Arslan should have diagnosed Plaintiff's Decedent with multiple myeloma in early 2017 or before.

43.    Defendants acting by and through its agents, servants, and/or employees failed to request any confirmatory testing in a timely manner that would have demonstrated a plasma cell disorder earlier than 2019.

44.    Defendants acting by and through its agents, servants, and/or employees failed to timely diagnose Plaintiff's Decedent, as a result, he developed multiple myeloma that diffusely infiltrated his bones and bone marrow, suppressing his immune system and leading to cardiac amyloid that caused Plaintiff's Decedent diastolic heart failure.

45.    The care and treatment, or lack thereof, which Drs.  Su, Brar, Gupta and Arslan rendered to Plaintiff's Decedent fell below that degree of skill and care ordinarily employed by physicians generally under similar conditions and like circumstances and caused Plaintiff's Decedent injuries and ultimately his death.

46.   The Plaintiff's Decedent is survived by his wife Hazel Barnes, his son Edward Joey Barnes, and his daughter Pamela Barnes.

47.   The Plaintiff's Decedent's death was a direct result of the negligence and malpractice of the employees/agents of the United States of America and would have been avoided and prevented had the employees/agents met the applicable standard of care and treated him appropriately.

WHEREFORE, Hazel Barnes, as the representative of the Estate of Edward Barnes Jr., brings this action against the Defendants, jointly and severally and asks that judgment be entered against Defendants in an amount of TEN MILLION DOLLARS $10,000,000.00.  Plus, pre and post judgment interest, plus all cost in proceeding with this matter, and any other relief this Court deems appropriate.

By:   /s/ Carteia V. Basnight
Carteia V. Basnight, Esq.
Virginia Bar No. 79856
1919 Commerce Drive, Suite 110
Telephone: (757) 838-0001
Facsimile: (757) 848-5871
carteia@basnightlaw.com
Counsel for Plaintiff